U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 20 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DERRICK McDONALD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-284-A |
| | § | |
| EXECUTIVE FINANCIAL CONSULTANTS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the motion of defendant, Executive Financial Consultants, to dismiss. After having considered such motion, the response thereto of plaintiff, Derrick McDonald, defendant's reply, the allegations of the complaint, and pertinent legal authorities, the court has concluded that plaintiff has failed to establish that this court has <u>in personam</u> jurisdiction over defendant and that, therefore, this action should be dismissed for want of personal jurisdiction.

I.

<u>Pertinent Allegations of Plaintiff's Complaint</u>

To the extent relevant to defendant's request for dismissal for lack of personal jurisdiction, the unverified complaint filed by plaintiff on April 28, 2014, makes the following allegations:

Subject matter jurisdiction is alleged to be conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and, as to state law

claims, 28 U.S.C. § 1367. Plaintiff alleged that defendant is a debt collector as defined by the federal Fair Debt Collection Act and that defendant engaged in conduct in violation of that Act by reporting a debt owed by plaintiff on plaintiff's credit report. In addition, plaintiff claims that defendant violated provisions of Texas statutes by attempting to collect a debt owed by plaintiff by reporting the debt on plaintiff's credit report.

The allegations of the complaint that have potential relevance to the issue of whether defendant's person is subject to this court's jurisdiction appear to be the allegation, which is repeated three times, that "[d]efendant falsely held themselves out to Plaintiff that they are able to legally collect debts in Texas," Compl. at 3, ¶ 13, and at 6 and 9, the allegation that "[d]efendant is a For-Profit Corporation conducting debt collection in the state of Texas," id. at 2, ¶ 4, and the allegation that "[d]efendant is attempting to collect this debt in the State of Texas," id., ¶ 7.

II.

Pertinent Legal Principles

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that in personam jurisdiction exists. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir.), cert. denied, 513 U.S. 930

2

(1994); <u>Stuart v. Spademan</u>, 772 F.2d 1185, 1192 (5th Cir. 1985); <u>D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.</u>, 754 F.2d 542, 545-46 (5th Cir. 1985). The plaintiff need not, however, establish personal jurisdiction by a preponderance of the evidence; at this stage,[1] <u>prima facie</u> evidence of personal jurisdiction is sufficient. <u>WNS, Inc. v. Farrow</u>, 884 F.2d 200, 203 (5th Cir. 1989); <u>Wyatt v. Kaplan</u>, 686 F.2d 276, 280 (5th Cir. 1982). The court may resolve a jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. <u>Command-Aire Corp. v. Ontario Mechanical Sales & Serv., Inc.</u>, 963 F.2d 90, 95 (5th Cir. 1992). Allegations of the plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits. <u>Wyatt</u>, 686 F.2d at 282-83 n.13 (citing <u>Black v. Acme Markets, Inc.</u>, 564 F.2d 681, 683 n.3 (5th Cir. 1977)). Any genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a <u>prima facie</u> case exists. <u>Jones v. Petty-Ray Geophysical Geosource, Inc.</u>, 954 F.2d 1061, 1067

---

[1] Eventually, plaintiff must prove by a preponderance of the evidence that jurisdiction exists. See <u>DeMelo v. Toche Marine, Inc.</u>, 711 F.2d 1260, 1271 n.12 (5th Cir. 1983).

(5th Cir.), cert. denied, 506 U.S. 867 (1992); Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990).

Personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is amenable to service of process under the law of a forum state, and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fifth Amendment.[2] Max Daetwyler Corp. v. R. Meyer, 762 F.2d 290, 293 (3d Cir. 1985); Wilson, 20 F.3d at 646-47; Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1166 (5th Cir. 1985) (quoting Smith v. DeWalt Prods. Corp., 743 F.2d 277, 278 (5th Cir. 1984)). Since the Texas long-arm statute has been interpreted as extending to the limits of due process,[3] the only inquiry is whether the exercise of jurisdiction over the nonresident defendant would be constitutionally permissible. Bullion, 895 F.2d at 216; Stuart, 772 F.2d at 1189.

For due process to be satisfied, (1) the nonresident defendant must have "minimum contacts" with the forum state

---

[2] The same minimum contacts test applies under both the Fifth and Fourteenth Amendments where there is no federal statute authorizing nationwide service of process. Point Landing, Inc. v. Omni Capital Int'l, Ltd., 795 F.2d 415, 427 (5th Cir. 1986), aff'd, 484 U.S. 97 (1987) ("absent specific congressional authority, a federal district court has no personal jurisdiction over a defendant who cannot be reached by the long-arm statute of the state in which the district court sits"); Max Daetwyler Corp. v. R. Meyer, 762 F.2d 290, 293 (3d Cir. 1985); Whistler Corp. v. Solar Elec., Inc., 684 F. Supp. 1126, 1128-29 (D. Mass. 1988). Accordingly, the court cites to Fourteenth Amendment cases herein as appropriate.

[3] See, e.g., Guardian Royal Exchange Assurance Ltd. v. English China Clays, P.L.C., 815 S.W.2d 223, 226 (Tex. 1991); Schlobohm v. Schapiro, 784 S.W.2d 355, 357 (Tex. 1990); Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 200 (Tex. 1985).

resulting from an affirmative act on the defendant's part, and (2) the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend "traditional notions of fair play and substantial justice." <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) (quoting <u>Milliken v. Meyer</u>, 311 U.S. 457, 463 (1940)).

The minimum contacts prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident defendant. <u>Bullion</u>, 895 F.2d at 216. For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction. <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985). Even if the controversy does not arise out of or relate to the nonresident defendant's purposeful contacts with the forum, general jurisdiction may be exercised when the nonresident defendant's contacts with the forum are sufficiently continuous and systematic as to support the reasonable exercise of jurisdiction. <u>See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 416 (1984); <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770, 779 (1984); <u>Perkins v. Benguet Consol. Mining Co.</u>, 342 U.S. 437 (1952). When general jurisdiction is asserted, the minimum

5

contacts analysis is more demanding and requires a showing of substantial activities within the forum state. Jones, 954 F.2d at 1068.

The second prong of the due process analysis is whether exercise of jurisdiction over the nonresident defendant would comport with traditional notions of fair play and substantial justice. International Shoe, 326 U.S. at 316. Once the plaintiff establishes existence of minimum contacts, the defendant then has the burden to show that the assertion of jurisdiction would be unfair or unreasonable. See Cent. Freight Lines, Inc. v. APA Transp. Corp., 322 F.3d 376, 384 (5th Cir. 2003). In determining whether the exercise of jurisdiction would be reasonable such that it does not offend traditional notions of fair play and substantial justice, the Supreme Court has instructed that courts look to the following factors: (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) shared interest of the several states in furthering fundamental substantive social policies. Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113 (1987) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)).

III.

### Evidence Presented by the Parties on the In Personam Jurisdiction Issue

Defendant's motion was accompanied by the affidavit of Richard LaBoute. The affiant identifies himself as custodian of records of defendant (which is referred to in the affidavit as "Executive"). Mot., Aff. at 1. The evidence provided by the affidavit that is relevant to the in personam jurisdiction question was as follows:

> Executive is in the business of collecting consumer and commercial debt. It is incorporated in the State of Missouri and its principal place of business is Kansas City, Missouri. It maintains no offices outside of Missouri.
>
> Executive collects consumer debt in the State of Missouri. Executive does not conduct debt collection in the State of Texas. Executive has intentionally not collected debt in the State of Texas or that originated in the State of Texas since 1997. Executive only collected debt for that single year because it had a client with accounts/debts in Texas. Executive obtained a surety bond that year to comply with Texas law. After 1997, Executive ceased work for that client and ceased any collections in Texas. Because Executive ceased all debt collection activity in Texas in 1997, Executive has not obtained a surety bond or filed one with the state of Texas since that year.
>
> Executive received a debt account for Derrick McDonald on August 28, 2012 from Clay Platte Family Medical Center located in Missouri in the amount of $217.00. The address provided by Clay Platte Family Medical Center for Derrick McDonald was 3333 Montgall[,] Kansas City, Missouri 64128. Executive reported this debt to credit bureaus. In Executive's normal course of business it began collections

7

> August 28, 2012 and sent its initial demand letter to the Kansas City address provided by Plaintiff to Clay Platte Family Medical Center. The letter was never returned to Executive. In a continuance of collection efforts between August 28, 2012 and November 2, 2012, Executive called Plaintiff's provided contact number, three times and sent two additional collection letters. The two additional letters were never returned to Executive. November 2, 2012 was the last collection attempt to Plaintiff.
>
> On March 19, 2014 a credit bureau requested verification on the balance of the debt. It is Executive's policy and procedure to respond to all verification requests from credit bureaus. Executive verified the balance of the debt to the credit bureaus' inquiry.

Id. at 1-2.

The only evidence adduced by plaintiff in support of his contention that the court has personal jurisdiction over defendant was in the form of an affidavit of Gerald E. Smith ("Smith") that was submitted as an exhibit to plaintiff's response to defendant's motion. Nothing in Smith's affidavit appears to be based on personal knowledge, with the consequence that virtually everything in the affidavit is meaningless as evidence. Smith purports to provide information as an expert on debt collection activities, but the affidavit does not contain sufficient information for the court to conclude that Smith's opinions qualify as probative expert testimony within the meaning of Rule 702 of the Federal Rules of Evidence. To whatever extent information contained in the affidavit has potential relevance to

defendant's state of knowledge of plaintiff's place of residence when it reported plaintiff's debt to the credit reporting agency, the contents of the affidavit amount to nothing more than speculation. Moreover, even if the court were to accept on face value everything said in Smith's affidavit, plaintiff still would not have met his burden of proof.

Also attached to plaintiff's response as an exhibit is an unverified copy of a document that is presented by plaintiff as a "screen shot of plaintiff's credit report account trade line." Resp., App. Cover Sheet.

IV.

Analysis

The court has concluded that plaintiff has failed to meet his burden of establishing that the court has <u>in personam</u> jurisdiction over defendant. There is doubt in the court's mind that the allegations of the complaint, even if accepted as true, would establish <u>in personam</u> jurisdiction. Conclusory allegations of the kind made by plaintiff in his complaint are not persuasive.

In contrast, the affidavit presented by defendant in support of its motion provides persuasive evidence that at pertinent times defendant did not engage in any collection activity in the State of Texas, or purposefully do an act or consummate a

9

transaction in Texas from which plaintiff's cause of action arose or with which the cause of action is connected. Much less is there evidence that defendant had contacts with the State of Texas that were sufficiently continuous and systematic as to support the reasonable exercise of jurisdiction over defendant. The court has concluded that there is no evidence that exercise of jurisdiction over defendant would comport with traditional notions of fair play and substantial justice.

V.

Order

For the reasons stated above,

The court ORDERS that all claims and causes of action asserted by plaintiff against defendant in the above-captioned action be, and are hereby, dismissed for want of personal jurisdiction over defendant.

SIGNED August 20, 2014.

JOHN McBRYDE
United States District Judge